IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | C/A No.: 1:13-1870-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States of America; Rory Thompson, Correctional Officer; T. McGirt, Correctional Officer; and LeRoy Jones, individually and in their official capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Defendants filed a motion to dismiss, or in the alternative, for summary judgment on November 8, 2013. [Entry #33]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on November 12, 2013, advising him of the importance of the motion for summary judgment and of the need for him to file an adequate response. [Entry #33]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted.

Notwithstanding the specific warning and instructions set forth in the court's

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006).

*Roseboro* order, Plaintiff has failed to properly respond to the motion. On November 18, 2013, and December 19, 2013, the court received letters from Plaintiff indicating that he had inadequate paper and research to respond to Defendants' motion. [Entry #36, #37].

The court takes judicial notice that SCDC policy provides that indigent inmates receive an allotment of envelopes and paper each month. *See Edmond v. Ozmint*, C/A 1:08-3288-GRA-SVH, 2010 WL 3399157 (D.S.C. July 26, 2010). To the extent that Plaintiff chooses to utilize his allotment of paper and envelopes for purposes other than substantively responding to the arguments in Defendants' motion, the court will rule on the record accordingly. Defendants filed their motion for summary judgment almost four months ago. Plaintiff is instructed to respond to Defendants' motion for summary judgment by March 19, 2014. Plaintiff is further advised that no further extensions will be granted. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

March 5, 2014                                                        Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge