IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:13-cv-1870-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America; Rory Thompson, Correctional Officer; T. McGirt, Correctional Office; and LeRoy Jones, individually and in their official capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*"). *See* Compl., ECF No. 1. In response, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 33. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R & R, the Magistrate Judge recommends that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") for failure to prosecute. *See* R & R, ECF No. 40 at 2.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Defendants filed their motion on November 8, 2013. Because Plaintiff is proceeding *pro se*, the Court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the potentially dispositive motion and the need to file an adequate response. *See* Order, ECF No. 34. The Order specifically indicated that if Plaintiff failed to adequately respond, Defendants' motion may be granted. *See id.* The Order instructed Plaintiff to respond by December 16, 2013. On November 18, 2013, the Clerk of Court's office received a one page letter from Plaintiff indicating that he wished "to advise that [he is] unable to respond to the defendant's motion." *See* ECF No. 36 at 1. On December 18, 2013, the Clerk of Court's office received another one page letter from Plaintiff again indicating that he "is unable to respectively respond" to Defendants' motion. *See* ECF No. 37 at 1.

The Court received no further response from Plaintiff. Accordingly, on March 5, 2014, nearly four months after Defendants filed their motion, the Court issued another Order directing

Plaintiff to respond if he wished to continue prosecuting this matter. This Order directed Plaintiff to file a response to Defendants' motion by March 19, 2014, and advised Plaintiff that no further extensions would be granted. *See id.* at 2. The Order also explained to Plaintiff that failure to respond would result in the Magistrate Judge recommending the Court dismiss this action for failure to prosecute. *See id.* As of March 24, 2014, the Court had yet to receive a response from Plaintiff. Therefore, due to Plaintiff's failure to file any response—aside from his letters asserting that he was unable to properly respond—the Magistrate Judge issued her R & R on March 24, 2014. In the R & R, she recommended that the matter be dismissed for failure to prosecute. *See* ECF No. 40. The R & R directed the Plaintiff to file any objections by April 10, 2014.

On March 27, 2014, the Clerk of Court's office received a letter which inquired as to whether the Court received Plaintiff's response in opposition to Defendants' motion, which Plaintiff alleges he gave prison authorities on March 19, 2014. *See* ECF No. 42 at 1. The Court then received Plaintiff's response in opposition to Defendants motion on March 31, 2013. *See* Resp. to Defs. Mot., ECF No. 43. The cover letter to the response, dated March 25, 2014, asserts that Plaintiff provided his response to prison authorities on March 19, 2014, but that it was returned to him on March 25, 2014 for additional postage. *See id.* at 43-1 at 1. Plaintiff, however, has provided no evidentiary proof that he actually gave his response to the prison authorities on March 19, 2014. The only envelope provided was stamped by the prison on March 26, 2014. *See id.* at 43-3 at 1–2. There is no indication that the package was returned for lack of postage, and Plaintiff has not provided anything showing a date March 19, 2014, aside from his own unsupported claims.

The Court is mindful of the "prison mailbox rule" as set forth by the Supreme Court in *Houston v. Lack*, which provides that *pro se* prisoner's pleading or notice of appeal is deemed filed at the moment of delivery to prison authorities for forwarding to district court. *See Houston v.*

3

*Lack*, 487 U.S. 255, 276 (1988).  This Court has applied this principle to responses in opposition to summary judgment as well.  *See, e.g.*, *Richards v. Cartledge*, No. 3:11-738-RBH, 2012 WL 488825, at *1 (D.S.C. Feb. 15, 2012).  The prison mailbox rule, however, is not absolute and the Court need not simply take a prisoner at his word.  Courts from within the Fourth Circuit have found it appropriate when:

> a Court does not receive a pleading within a reasonable time after the date upon which the inmate claims to have mailed it, *it is appropriate to require independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage, before giving the inmate the benefit of the prison mailbox rule.*

*Roberts v. McKenzie*, No. AW-12-cv-2474, 2013 WL 3179102, at *4 (D. Md. June 20, 2013) (emphasis added); *see also Lewis v. United States*, No. 7:07cv00514, 2008 WL 190763 (W.D. Va. Jan. 21, 2008) (noting the same).  The Fifth Circuit has specifically held that the prison mailbox rule "does not relieve a prisoner from doing all that he can reasonably do to ensure that the clerk of court receives documents in a timely manner," and that "[f]ailure to place proper postage on outgoing prison mail does not constitute compliance with this standard."  *Hodges v. Frazier*, No. 97-50917, 1999 WL 155667, at *1 (5th Cir. 1999).

The Court notes that there is no reliable proof that Plaintiff gave his response in opposition to summary judgment to prison officials on March 19, 2014, aside from his own self-serving, unsworn allegations that he did.  The only evidence in the record establishes that Plaintiff mailed his response on March 26, 2014.  Based on the record before the Court, therefore, Plaintiff's response is untimely.  Plaintiff is no stranger to the federal courts,[2] and is undoubtedly aware of the importance

---

[2] Currently, Plaintiff has three separate civil actions pending before the undersigned: the above captioned action (No. 1:13-cv-01870-RBH); *Chestnut v. McCoy* (No. 1:13-cv-01814-RBH-SVH); and *Chestnut v. Singleton* (No. 1:13-cv-02250-RBH-SVH).  Plaintiff also filed several civil actions which have already been closed by the Court.  *See, e.g.*, *Chestnut v. Thompson* (No. 1:12-cv-0259-RBH) and *Chestnut v. Thomas* (No. 1:13-cv-2249-RBH).

of adhering to the timing requirements specified by the FRCP and the Orders of this Court. Nevertheless, the Court will afford Plaintiff thirty (30) days from the date of this order to provide evidentiary support for his allegations that he submitted his response brief to the prison authorities on March 19, 2014. Defendants will also have thirty (30) days to file any additional evidence relevant to this issue. As of now, there is insufficient evidence to support Plaintiff's allegations that his response brief was timely.

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
May 1, 2014