IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond Edward Chestnut, | ) | Civil Action No.: 1:13-cv-1870-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America; Rory Thompson, Correctional Officer; T. McGirt, Correctional Office; and LeRoy Jones, individually and in their official capacities, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*"). *See* Compl., ECF No. 1. In response, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 33. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R & R, the Magistrate Judge recommends that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") for failure to prosecute. *See* R & R, ECF No. 40 at 2.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Defendants filed their motion on November 8, 2013.  Because Plaintiff is proceeding *pro se*, the Court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the potentially dispositive motion and the need to file an adequate response.  *See* Order, ECF No. 34.  The Order specifically indicated that if Plaintiff failed to adequately respond, Defendants' motion may be granted.  *See id.*  The Order instructed Plaintiff to respond by December 16, 2013.  On November 18, 2013, the Clerk of Court's office received a one page letter from Plaintiff indicating that he wished "to advise that [he is] unable to respond to the defendant's motion."  *See* ECF No. 36 at 1.  On December 18, 2013, the Clerk of Court's office received another one page letter from Plaintiff again indicating that he "is unable to respectively respond" to Defendants' motion.  *See* ECF No. 37 at 1.  The Court received no further response from Plaintiff.  Accordingly, on March 5, 2014, the Court issued another Order directing Plaintiff to respond if he wished to continue prosecuting this matter.  *See* Order, ECF No. 38.  This Order

2

directed Plaintiff to file a response to Defendants' motion by March 19, 2014, and advised Plaintiff that no further extensions would be granted. *See id.* at 2. As of March 24, 2014, the Court had yet to receive a response from Plaintiff. Therefore, the Magistrate Judge issued her R & R on March 24, 2014 recommending that the matter be dismissed for failure to prosecute. *See* ECF No. 40.

On March 27, 2014, the Clerk of Court's office received a letter which inquired as to whether the Court received Plaintiff's response in opposition to Defendants' motion, which Plaintiff alleges he gave prison authorities on March 19, 2014. *See* Letter, ECF No. 42 at 1. The Court then received Plaintiff's response in opposition to Defendants' motion on March 31, 2013. *See* Resp. to Def.'s Mot., ECF No. 43. The cover letter to the response asserts that Plaintiff provided his response to prison authorities on March 19, 2014, but that it was returned to him on March 25, 2014 for additional postage. *See id.* at 43-1 at 1.

The Court had concerns as to whether the response was timely given to prison authorities, and entered an Order directing Plaintiff to provide evidentiary support for his assertion that he submitted the response on March 19, 2014. *See* Order, ECF No. 51. The Order also allowed Defendants to submit any additional relevant evidence. *See* Order, ECF No. 51. The Court received a response to its order by Defendants on May 8, 2014. *See* Def.'s Response, ECF No. 53. The Court then received two responses from Plaintiff, one on May 15, 2014, and another on May 19, 2014. *See* Pl.'s Response, ECF No. 54; Pl.'s Response, ECF No. 55. After reviewing these filings, and in light of Plaintiff's *pro se* status, the Court finds that dismissal solely on the grounds of failure to prosecute is not warranted. The Magistrate Judge made this recommendation prior to the Court's receipt of Plaintiff's response in opposition to Defendants' motion, and issued her R & R in accordance with the information available at that time. However, based on Plaintiff's subsequent filings there is an open question on the timeliness issue. The Court will give Plaintiff

3

the benefit of the doubt due to his *pro se* status. However, Plaintiff is warned that any additional late filings due to insufficient postage will not be considered. *See Hodges v. Frazier*, No. 97-50917, 1999 WL 155667, at *1 (5th Cir. Mar. 10, 1999) (finding that "the 'mailbox rule' does not relieve a prisoner from doing all that he can reasonably do to ensure that the clerk of court receives documents in a timely manner," and that "[f]ailure to place proper postage on outgoing prison mail does not constitute compliance with this standard").

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court **RECOMMITS** the matter back to the Magistrate Judge for further action. The Magistrate Judge should submit another Report and Recommendation upon review of the arguments in Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment and Plaintiff's Response in Opposition.

**IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
May 20, 2014