IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Raymond Edward Chestnut, ) | Civil Action No.: 1:13-cv-1870-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America; Rory ) | |
| Thompson, Correctional Officer; T. ) | |
| McGirt, Correctional Officer; and ) | |
| LeRoy Jones, individually and in ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Raymond Edward Chestnut ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) ("*Bivens*") on July 9, 2013. *See* Compl., ECF No. 1. In response, Defendants United States of America; Rory Thompson, Correctional Officer; T. McGirt, Correctional Officer; and LeRoy Jones, individually and in their official capacities ("Defendants") filed a motion to dismiss, or in the alternative, for summary judgment. *See* Mot., ECF No. 33. On March 5, 2014, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that this action be dismissed and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[1]  *See* R & R, ECF No. 40 at 2. Subsequent to the issuance of the R & R, the Court received an additional response in opposition to Defendants' motion from Plaintiff. *See* Pl.'s Resp. to Summ. J., ECF No. 43. In this filing, Plaintiff alleged that he gave his response to the prison authorities before the deadline specified by the Magistrate Judge for filing any response to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Defendants' motion—although the Court notes that this was only after multiple warnings and extensions—but that it was returned for insufficient postage six days later.[2] *See* ECF No. 43-1 at 1–2. Out of an abundance of caution, the Court requested that both parties submit any evidentiary support regarding whether Plaintiff timely submitted this response brief to the prison authorities. *See* Order, ECF No. 51 at 3–5.

The Court received filings from both parties. After taking into consideration the arguments of the parties and the evidence they presented, the Court noted that it had some concern as to whether Plaintiff's response was timely filed. *See* ECF No. 56 at 3. Nevertheless, the Court found that dismissal solely on the grounds of failure to prosecute was unwarranted due to the open question on the timeliness of Plaintiff's response. *See id.* In light of Plaintiff's *pro se* status, the Court decided to issue an Order recommitting the matter back to the Magistrate Judge for further action. *See id.* at 4. The Order directed the Magistrate Judge to prepare a new R & R upon review of the arguments in Defendants' motion to dismiss or in the alternative for summary judgment and Plaintiff's response in opposition. *See id.* The Court warned Plaintiff, however, that any additional late filings due to insufficient postage would not be considered. *Id.* at 4.

The matter is now before the Court after the issuance of a Second Report and Recommendation (the "Second R & R") of United States Magistrate Judge Shiva V. Hodges. In the Second R & R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and dismiss the action. *See* Second R & R, ECF No. 63 at 13.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a

---

[2] A lengthy discussion of the procedural history of this matter is contained in the Court's prior Orders. *See* Order, ECF No. 51 at 2–3; Order, ECF No. 56 at 1–3.

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Second Report and Recommendation.[3]  In the absence of objections to a Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Second Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Plaintiff's motion for an extension of

---

[3] The Second R & R was issued on July 2, 2014. Attached to the Second R & R was a Notice of Right to File Objections to Report and Recommendation. *See* Notice, ECF No. 63 at 14. This notice specified that "[s]pecific written objections must be filed within fourteen (14) days." *Id.* Accounting for the three mailing days provided for by Rule 6(d) of the Federal Rules of Civil Procedure resulted in a deadline of July 21, 2014 to file objections to the R & R. On July 28, 2014, the Court received a filing from Plaintiff entitled "Motion for Additional Time to File an Objection to Magistrate Judge's Report and Recommendation." *See* Mot., ECF No. 65. This filing did not set forth any objections to the Second R & R, but rather simply requested additional time "to research and investigate" so Plaintiff can "properly respond" to the R & R. The date stamp on the envelope indicates that it was given to prison authorities on July 22, 2014 for mailing. *See* ECF No. 65-1 at 2. The Court finds that Plaintiff's motion should be denied. If Plaintiff needed an extension of time to file objections to the Second R & R, he should have timely filed a motion for an extension prior to the expiration of the deadline to file objections. In any event, the Court finds that Plaintiff's motion does not demonstrate the good cause and excusable neglect required to warrant an extension of time. Therefore, Plaintiff's untimely motion for an extension of time to file objections is denied.

time to file objections to the Second R & R is **DENIED**.  **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **GRANTED** and this action is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
July 31, 2014